## Owen v. Lily-Jellico Coal Co.

(Decided April 19, 1911.)

### Appeal from Laurel Circuit Court.

Infancy—Plea of to Devoid Deed—Finding of Chancellor—Sufficiency of Evidence.—In an action to avoid a deed on the ground of in-

fancy, evidence examined and' held sufficient 'to sustain the find-
ing of the chancellor that plaintiff was of age when the deed
was made.

H. C. CLAY for appellant.

GEORGE B. BROCK and J. N. SHARP for appellee.

Opinion of the Court by William Rogers Clay, Com-
missioner—Affirming.

On December 15, 1907, appellant Norma Owen, his
sister, Effie, and their parents, R. D. Owen, and wife, by
joint deed of general warranty, conveyed to L. B. Mc-
Hargue a tract of land located in Laurel county, Ken-
tucky. On August 31, 1907, McHargue conveyed the
same tract to appellee, Lily-Jellico Coal Company.
Claiming that he was under twenty-one years of age at
the time he made the deed to McHargue on December 15,
1907, the appellant, on March 12, 1909, brought this ac-
tion to recover an undivided one-half interest in said
tract of land, to cancel the deed made by him, and for
a partition of the land between him and appellee. From
a judgment denying him the relief prayed for, he prose-
cutes this appeal.

One of the grounds upon which the chancellor based
his judgment is that he was not satisfied, from the proof,
that appellant was in fact under age when the deed was
made. Appellant, who was born in Kansas, testified as
follows: ''I was born in 1887, April 20th is the way my
age is set down in the Bible.'' Robert Elliott testified
that he thought he knew appellant's age; that appellant
was born in Anderson county, Kansas, in April, 1887
some time; that he was able to fix the date because his
wife and appellant's mother were confined about the
same time.

For appellee it was shown that, a few months prior
to the conveyance in question, appellant's father wanted
to have transferred to appellant a certain account. For
that purpose they approached O. W. Black, who is now
one of appellee's officers. He objected to transferring
the account, because he was afraid Normie Owen was not
twenty-one years of age. R. D. Owen, Normie's father,
stated in his presence that Normie was of age. Witness
then turned to Normie and asked him if he was of age;
whereupon Normie replied, ''I am twenty-one years
old.'' On Normie's making this statement the account

was transferred from R. D. Owen to Normie Owen. This conversation also took place in the presence of F. J. Black, secretary and manager of the Lily-Jellico Coal Company at the time the deed was made.

When we consider the fact that neither appellant's father nor mother testified; that the Bible which he claims shows the date of his birth, was not introduced in evidence, and that all he knew about it was what the Bible said; that the only other evidence was the testimony of appellant's uncle, who bases his opinion of appellant's age upon the fact that he was born about the same time that one of his children was born, in connection with the representation of appellant and of his father made in his presence, that even some months prior to the execution of the deed he was twenty-one years of age, we are not disposed to disturb the finding of the chancellor.

Judgment affirmed.